LUCIUS N. BEARDSLEY, ADMINISTRATOR, vs. THE AMERICAN HOME MISSIONARY SOCIETY AND OTHERS.

A bequest to the "Home Mission Society" construed as a bequest to the "American Home Missionary Society," upon proof of facts, outside of the will, showing that that society must have been the one intended, and there being no society of the former name.

PETITION to the Superior Court for advice as to the construction of the will of Catherine P. Beard, the petitioner being administrator of her estate with the will annexed. The respondents were the American Home Missionary Society and the heirs at law of the testatrix. The following facts were found by a committee:

Catherine P. Beard, the testatrix, died on the 7th day of April, 1863, at Milford in this state, where she had resided, leaving the will in question, which was executed on the 22d day of May, 1860. By it she disposed of all her property in the following clause:

"To the Home Mission Society I give, devise and bequeath all my estate, both real and personal, and request that it may

all be used for the benefit of those located west of the Mississippi."

There was in fact no missionary society named the "Home Mission Society;" but there were the Home Missionary Society, located in the city of New York, and which employed missionaries in several states and territories west of the Mississippi river; an incorporation of this state named the Trustees of the Missionary Society of Connecticut, commonly known as the Missionary Society of Connecticut, which was carrying on missionary operations to some extent west of the Mississippi, but which had for some time ceased to solicit contributions from the public, deriving the funds needed for its work from the income of certain investments; and also certain societies auxiliary to the American Home Missionary Society, named the "Massachusetts Home Missionary Society," the "Rhode Island Home Missionary Society," and the "Connecticut Home Missionary Society," whose operations were mainly confined to their own states.

The American Home Missionary Society was often called the Home Mission Society or Home Missionary Society, was sustained almost wholly by churches and Christians of the Congregational order, and was in the habit of soliciting contributions among the Congregationalists of the town of Milford and in the First Congregational Church of that place, at which the testatrix was a regular attendant, and at which, by the manual of the church, it was one of the charitable institutions for which church contributions were regularly taken. The testatrix for several years before the execution of the will had contributed regularly to the support of this society and continued to do so afterwards.

If upon these facts the committee was warranted in finding that the testatrix intended, by the clause in question, the American Home Missionary Society, then the committee found that to be her intention.

The case was reserved, upon the report of the committee, for the advice of this court.

*H. B. Harrison,* for the American Home Missionary Society.

*S. E. Baldwin* and *J. H. Whiting*, for the heirs at law.

PARK, C. J. We think this case comes within the principle established by this court in the case of *Dunham* v. *Averill*, *ante*, page 61. In that case a bequest was made in these words: "To the American and Foreign Missionary Society," &c. There was no society or corporation by that name, but there was a corporation by the name of the "American Board of Commissioners for Foreign Missions." It was held by this court that evidence *dehors* the will was admissible to show that the testator intended this corporation when he said in his will "The American and Foreign Missionary Society." In the case at bar the committee has found as a fact from similar evidence, which was held admissible in the case referred to, that the testatrix intended the "American Home Missionary Society" as the object of her bounty, when she said in her will "The Home Mission Society."

We advise the Superior Court that the American Home Missionary Society is entitled to the legacy.

In this opinion the other judges concurred; except CARPENTER, J., who did not sit.